NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000010**
**24-APR-2018**
**08:33 AM**

NO. CAAP-17-0000010

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR
ADJUSTABLE RATE MORTGAGE TRUST 2005-2, ADJUSTABLE RATE
MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-2,
Plaintiff-Appellee, v. THE ESTATE OF STUART D. EDWARDS,
aka Stuart Denzil Edwards; KELLY EDWARDS, aka Kelly Anne
Edwards, INDIVIDUALLY, AND AS TRUSTEE OF THE
EDWARDS FAMILY TRUST U/D/T DATED SEPTEMBER 19, 1996,
Defendants-Appellants, and DOES 1-20, inclusive, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 15-1-031K)

SUMMARY DISPOSITION ORDER
(By: Fujise, Acting Chief Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Kelly Edwards, aka Kelly Anne

Edwards, Individually and as Trustee of the Edwards Family Trust

U/D/T Dated September 19, 1996 (**Edwards**), appeals *pro se* from the

Judgment entered by the Circuit Court of the Third Circuit, Kona

Division (**Circuit Court**), on December 8, 2016, in favor of

Plaintiff-Appellee U.S. Bank National Association (**U.S. Bank**), as

Trustee for Adjustable Rate Mortgage Trust 2005-2, Adjustable

Rate Mortgage-Backed Pass-Through Certificates, Series 2005-2

(**ARMT 2005-2/Certificates Series 2005-2**), and against all

defendants.[1] Edwards also challenges the Circuit Court's December 8, 2016 entry of an order granting summary judgment and an interlocutory decree of foreclosure (**Foreclosure Decree**) in favor of U.S. Bank.

Edwards raises three points of error, arguing that the Circuit Court erred by: (1) granting U.S. Bank's September 26, 2016 Motion for Summary Judgment and for Interlocutory Decree of Foreclosure (**Motion for Summary Judgment**); (2) entering Findings of Fact 1, 3, 6-11, 13-18, and 20 in the Foreclosure Decree; and (3) entering Conclusions of Law 1-6 in the Foreclosure Decree.

Upon careful review of the record on appeal[2] and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Edwards's points of error as follows:

Edwards argues, *inter alia*, that U.S. Bank failed to establish that it had standing to bring this foreclosure action and relies in part on the Hawai'i Supreme Court's decision in Bank of Am., N.A. v. Reyes-Toledo, 139 Hawai'i 361, 390 P.3d 1248 (2017). In Reyes-Toledo, the supreme court held a foreclosing plaintiff must establish standing or entitlement to enforce the subject note at the time the action was commenced. 139 Hawai'i at 367-71, 390 P.3d at 1254-58. The supreme court stated, *inter*

---

[1]     The Honorable Melvin H. Fujino presided.

[2]     We have not considered various documents and factual assertions referenced in the parties' briefs that are not part of the record on appeal. See Koga Eng'g & Constr., Inc. v. State, 122 Hawai'i 60, 80, 222 P.3d 979, 999 (2010) (review of the granting or denying of a motion for summary judgment is limited "to an examination of the materials before the [trial] court at the time the rulings were made").

*alia*, that a foreclosing plaintiff must typically "prove the existence of an agreement, the terms of the agreement, a default by the mortgagor under the terms of the agreement, and giving of the cancellation notice." Id. at 367, 390 P.3d at 1254 (citing Bank of Honolulu, N.A. v. Anderson, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982)). Furthermore, "[a] foreclosing plaintiff must also prove its entitlement to enforce the note and mortgage." Id. (citations omitted). The supreme court also stated, "[a] foreclosing plaintiff's burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions as 'standing is concerned with whether the parties have the right to bring suit.'" Id. (internal brackets omitted) (quoting Mottl v. Miyahira, 95 Hawai'i 381, 388, 23 P.3d 716, 723 (2001)). In concluding that the foreclosing bank failed to satisfy its burden as the movant for summary judgment, the court reasoned, "[a]lthough Bank of America produced evidence that it possessed the blank-indorsed Note at the time it sought summary judgment, a material question of fact exists as to whether Bank of America possessed the Note, or was otherwise a holder, at the time it brought the foreclosure action." Id. at 370, 390 P.3d at 1257.

In U.S. Bank, N.A. v. Mattos, 140 Hawai'i 26, 29, 398 P.3d 615, 618 (2017), summary judgment was also granted in favor of the foreclosing bank, U.S. Bank. On appeal, the supreme court addressed whether relevant loan documents had been properly admitted through the declaration of an individual named Richard Work (**Work**), as records of regularly conducted activity under

Hawai'i Rules of Evidence (**HRE**) Rule 803(b)(6). _Id._ at 28, 30-33, 398 P.3d at 617, 619-622. In his declaration, Work attested, _inter alia_, that he was a "Contract Management Coordinator" of OCWEN Loan Servicing, LLC (**Ocwen**), the "servicer" for U.S. Bank on the subject loan. _Id._ at 30-31, 398 P.3d at 619-20. Because Work did not attest that he was the custodian of records for either U.S. Bank or Ocwen, the supreme court noted that "the documents attached to his declaration are admissible under the HRE 803(b)(6) hearsay exception only if he is a 'qualified witness' with respect to those documents." _Id._ at 32, 398 P.3d at 621. The supreme court applied its analysis in _State v. Fitzwater_, 122 Hawai'i 354, 365-66, 227 P.3d 520, 531-32 (2010) and ruled as follows:

> To the extent the ICA ruled that Work's declaration established him as a "qualified witness" with respect to Ocwen's records, we agree. To the extent the ICA opinion concluded that Work met the requirements to be a "qualified witness" with respect to U.S. Bank's records, however, we disagree. _Fitzwater_ addresses situations in which one business _receives_ documents created by another business and includes them in its own records. Work's declaration does not indicate that U.S. Bank's Records were received by Ocwen and incorporated into the Ocwen Records. Work's declaration also does not establish that Work is familiar with the record-keeping system of U.S. Bank. Rather, Work merely states that he has access to and is familiar with U.S. Bank's records. Thus Work's declaration does not satisfy foundational requirements to make him a "qualified witness" for U.S. Bank's records pursuant to _Fitzwater_.

_Mattos_, 140 Hawai'i at 32-33, 398 P.3d at 621-22.

In light of its prior ruling in _Reyes-Toledo_, the supreme court in _Mattos_ further held that:

> [s]ince [an] allonge was apparently used to specifically indorse the note to U.S. Bank, admissible evidence was needed to demonstrate that U.S. Bank was in possession of the note and allonge at the time of the filing of this foreclosure complaint for U.S. Bank to be entitled to summary judgment.

<u>Id.</u> at 33, 398 P.3d at 622. The supreme court noted that Work's declaration did not attest that U.S. Bank possessed the original note and allonge when the foreclosure complaint was filed. <u>Id.</u> The supreme court thus ruled that "Work's declaration failed to meet U.S. Bank's burden of establishing facts necessary for a grant of summary judgment." <u>Id.</u>

In <u>Wells Fargo Bank, N.A. v. Behrendt</u>, SCAP-16-0000645, 2018 WL 1325153 at *2 (Mar. 15, 2018) (designated for publication), another judicial foreclosure case, summary judgment was granted in favor of the foreclosing bank, Wells Fargo. Wells Fargo had attached a copy of the subject note to its unverified complaint together with an allonge indorsing the note in blank. <u>Id.</u> The supreme court reviewed the admissibility of these documents under HRE Rule 803(b)(6) through a similar declaration as in <u>Mattos</u>[3] attached to Wells Fargo's motion for summary judgment. <u>Id.</u> This declaration was made by Vanessa Lewis (**Lewis**), who was also a "contract management coordinator" for Ocwen, Wells Fargo's loan-service provider. <u>Id.</u> Because Lewis did not attest that she was the custodian of records for either Wells Fargo or Ocwen, the supreme court again observed that the documents attached to her declaration were admissible under HRE Rule 803(b)(6) only if her declaration demonstrated that she was a "qualified witness." <u>Id.</u> at *7 (citing <u>Mattos</u>, 140 Hawai'i at 32, 398 P.3d at 621). The supreme court stated the rule

---

[3] The <u>Behrendt</u> court observed that the Lewis and Work declarations were "nearly identical." <u>Behrendt</u>, 2018 WL 1325153 at *7.

regarding necessary qualifications to admit incorporated records

under Mattos and Fitzwater as follows:

> The court in Mattos held that a witness may be qualified to provide the testimony required by HRE Rule 803(b)(6) even if the witness is not employed by the business that created the document or lacks direct, personal knowledge of how the document was created. "There is no requirement that the records have been prepared by the entity that has custody of them, as long as they were created in the regular course of some entity's business." The witness, however, must have enough familiarity with the record-keeping system of the business that created the record to explain how the record was generated in the ordinary course of business.
>
> Records received from another business and incorporated into the receiving business' records may in some circumstances be regarded as "created" by the receiving business. Incorporated records are admissible under HRE Rule 803(b)(6) when a custodian or qualified witness testifies that the documents were incorporated and kept in the normal course of business, that the incorporating business typically relies upon the accuracy of the contents of the documents, and the circumstances otherwise indicate the trustworthiness of the document.

Behrendt, 2018 WL 1325153 at *7-8 (citations omitted) (citing and

quoting Mattos, 140 Hawai'i at 32, 398 P.3d at 621).

In holding that Lewis was not a "qualified witness"

under its decision in Mattos, the Behrendt court stated:

> Here, as in Mattos, the Lewis Declaration does not establish that the loan documents were received by Ocwen and then incorporated into Ocwen's records. In addition, although Lewis averred that Ocwen's records relating to the loan were made and maintained in the regular course of Ocwen's business, Lewis asserted only that she had "access to and [was] familiar" with Wells Fargo's records and documents relating to this case. The Lewis Declaration does not establish that Lewis was familiar with Wells Fargo's record-keeping system. It also makes no assertions as to Lewis's familiarity with the record-keeping systems of Funding Group or Option One, which first created the Note and allonges. Thus, the Lewis Declaration satisfies the foundational requirements to make Lewis a qualified witness only with respect to Ocwen's original records about the loan and not any records of Wells Fargo or the loan documents themselves.
>
> The Lewis Declaration also refers only to the Note and not the allonges that Wells Fargo asserts were used to endorse the Note in blank. As noted, the Lewis Declaration does not establish that Lewis was a qualified witness, and thus she could not have satisfied the requirements of HRE Rule 803(b)(6) with respect to the allonges. But, as with the declaration in Mattos, the Lewis Declaration did not attempt to admit the allonges under the business records exception. Thus, even if the Note fell within the bounds of HRE Rule 803(b)(6), the allonges endorsing it in blank did

> not because the declaration did not provide the requisite
> foundation. This is to say that the documents purporting to
> allow Wells Fargo to enforce the Note were not admissible
> under the business record exception. Since the documents
> were not admissible as asserted, Wells Fargo did not meet
> its burden of establishing facts necessary for a grant of
> summary judgment.

Id. at *8 (citations omitted) (citing Mattos, 140 Hawaiʻi at 32-33, 398 P.3d at 621-22).

In the instant case, U.S. Bank filed a Complaint for Declaratory Relief and Judicial Foreclosure of Mortgage on January 30, 2015 (**Complaint**). The Complaint alleged that on December 10, 2004, Stuart D. Edwards executed a promissory note in favor of Resource Mortgage Banking, Ltd. for $1,000,000.00 (**Note**), secured by a mortgage on real property recorded on December 20, 2004, in the Bureau of Conveyances, and executed by Stuart D. Edwards and Kelly Edwards (**Mortgage**). U.S. Bank alleged that it was the owner of the Mortgage by virtue of a September 23, 2008 assignment of mortgage, that the Estate of Stuart D. Edwards was in default, that U.S. Bank "is the current holder of the Note . . . by virtue of the blank indorsement of the Note," and that U.S. Bank "is in possession of the blank indorsed Note." Attached to the Complaint was, *inter alia*, the Note containing an undated indorsement stamp on the fifth and final page apparently executed by a representative of Resource Mortgage Banking, Ltd., indorsing the Note in blank.[4] As

---

[4] This indorsement stamp on the Note reads:

WITHOUT RECOURSE
PAY TO THE ORDER OF

[Signature]
RESOURCE MORTGAGE BANKING, LTD.
Michael Covino, President

7

Edwards points out, the Complaint was not supported by a declaration at the time of filing.

U.S. Bank maintains that it established that it was the holder of the original, indorsed-in-blank Note and asserts that its evidence was "compliant with Mattos[.]" In support of that contention, U.S. Bank relies on the following: (1) the Note indorsed-in-blank attached as an exhibit to the Complaint; (2) a declaration dated July 27, 2016, by Ashley Dellinger (**Dellinger**), an employee of Wells Fargo Bank, N.A. (**Wells Fargo**), the "authorized servicing agent and attorney in fact" for U.S. Bank, which was attached in support of an August 5, 2016 motion by U.S. Bank; (3) a declaration dated September 21, 2016, by Jeremiah Herberg (**Herberg**), an employee of Wells Fargo, which was attached to the Motion for Summary Judgment; and (4) a declaration dated September 26, 2016, by U.S. Bank's counsel, David B. Rosen (**Rosen**), which was also attached to the Motion for Summary Judgment.[5]

However, there is no admissible evidence in the record, including the documents and declarations relied upon by U.S. Bank on appeal, showing that U.S. Bank was the holder of the Note indorsed-in-blank at the initiation of the suit. Like the declarants in Mattos and Behrendt, Dellinger, Herberg, and Rosen did not purport to be the custodian of record for U.S. Bank. See Mattos, 140 Hawai'i at 32, 398 P.3d at 621; Behrendt, 2018 WL

---

[5] Therein Rosen attested, "I am the attorney of record for Plaintiff PENNYMAC CORP. ('Plaintiff'), in the above-captioned matter." This reference to "Pennymac Corp." appears to be an error, as the caption of the declaration lists the Plaintiff as U.S. Bank as Trustee for ARMT 2005-2/Certificate Series 2005-2.

1325153 at *7. Nor do these declarations lay adequate foundation to establish the declarants as "qualified witnesses" under HRE Rule 803(b)(6) as to U.S. Bank's records under Mattos, as explained below.

Specifically, Dellinger, Herberg, and Rosen did not indicate that they had any personal knowledge of U.S. Bank's record-keeping system. Like in Mattos and Behrendt, both Dellinger and Herberg attested that they were "familiar with" and "regularly access business records maintained by Wells Fargo," but do not establish any familiarity with the record-keeping system of U.S. Bank. See Behrendt 2018 WL 1325153 at *8. Indeed, both Dellinger and Herberg indicated that their knowledge regarding who possessed the Note was "[p]ursuant to my review of Wells Fargo's system of record[.]" Although Herberg's declaration provided some detail about his knowledge of "the computer system used by Wells Fargo to make these records," again, his statements pertain to the record-keeping system of Wells Fargo, not U.S. Bank.[6] Rosen's declaration makes no mention of familiarity with or knowledge of any record-keeping systems.

Nor did Dellinger or Herberg, or Rosen establish that their respective employers incorporated U.S. Bank's records into their own under Mattos. Dellinger and Rosen did not attest that Wells Fargo received U.S. Bank's records and incorporated them in

---

[6] The Herberg declaration states in pertinent part, "I have received training on, understand the codes used in, and have knowledge of how information is entered, generated, and maintained on the computer system used by Wells Fargo to make these records[.]"

the ordinary course of business. Although the Herberg declaration contains several statements about receiving and incorporating "prior records of the Loan" into Wells Fargo's business records from "prior lender(s) and/or servicer(s)," Herberg does not specify that the Note indorsed-in-blank was one of these "prior records of the Loan received from the Prior Lenders/Servicers."[7] We must view the evidence in the light most favorable to the non-moving party. See Lales v. Wholesale Motors Co., 133 Hawaiʻi 332, 343, 328 P.3d 341, 352 (2014). Accordingly, we conclude that Herberg's declaration lacks adequate foundation to establish that the Note indorsed-in-blank was a "[r]ecord received from another business and incorporated" into Wells Fargo's records. Behrendt, 2018 WL 1325153 at *8 (citing Mattos, 140 Hawaiʻi at 32, 398 P.3d at 621).

We also conclude that U.S. Bank did not establish that Dellinger, Herberg, or Rosen were "qualified witnesses" under HRE

---

[7]    Specifically, the Herberg declaration states in pertinent part,

> I have received training on, understand the process of, and have knowledge of Wells Fargo's practice of acquiring loans from other financial institutions and how these loans are transferred into Wells Fargo's system of record. The information regarding the Loan transferred to Wells Fargo from the Prior Lender/Servicers has been validated in many ways, including . . . going through a due diligence phase, testing, reviewing reports/data, and obtaining the hard copy documents. It is Wells Fargo's regular business practice, after these phases are complete, to receive records from prior servicers and integrate these records into Wells Fargo's business records at the time of acquisition. Once integrated, Wells Fargo maintains and relies on these business records in the ordinary course of its mortgage loan servicing business. Based on these standard processes, Wells Fargo has confirmed that prior records for the Loan received from the Prior Lenders/Servicers are accurate and have been incorporated into Wells Fargo's business records for the Loan.

Herberg does not define "prior records for the Loan," but later states, "A true and accurate copy of the Promissory Note as it is imaged in Wells Fargo's system of record is attached hereto as Exhibit B."

10

Rule 803(b)(6) to admit U.S. Bank's records, including the Note indorsed-in-blank, which was attached to the Complaint. See Mattos, 140 Hawai'i at 32-33, 398 P.3d at 621-22. We note that even if Dellinger, Herberg, or Rosen had attested that U.S. Bank was in possession of the original Note indorsed-in-blank at the time the Complaint was filed (which they did not),[8] such a statement would not be admissible for lack of foundation. See Id. ("Even if Work's declaration had stated that U.S. Bank records contain the original note, this statement would not be admissible because, as noted, Work's declaration is insufficient to render him a 'qualified witness' as to U.S. Bank's records.")

As U.S. Bank raises no other arguments about the admissibility of its evidence, we conclude that U.S. Bank did not satisfy its burden to produce admissible evidence demonstrating that U.S. Bank was entitled to enforce the subject note at the time this action was commenced.[9] Viewing the facts and inferences in the light most favorable to Edwards, we conclude that there is a genuine issue of material fact as to whether U.S.

---

[8] The Dellinger declaration states, "[p]ursuant to review of Wells Fargo Bank, N.A.'s system of record, U.S. Bank . . . is in possession of the Promissory Note and the Promissory Note is indorsed, in blank." (Emphasis added). The Herberg declaration states, "[p]ursuant to my review of Wells Fargo's system of record, the original Promissory Note was sent to Plaintiff's counsel. As a result Plaintiff's counsel is in possession of the original Promissory Note on behalf of Plaintiff. The Promissory Note is endorsed in blank." (Emphasis added). The Rosen declaration states, "In my role as counsel for Plaintiff . . . I am in possession of the original adjustable rate note[.]" (Emphasis added). All of these declarations were made at least 1.5 years after the filing of the Complaint and contain no statements about the possessor of the Note indorsed in blank on January 30, 2015.

[9] U.S. Bank does not rely on the attorney affirmation submitted with its Complaint, filed on January 30, 2015. In any event, it appears that the Hawaii Supreme Court in Behrendt implicitly did not give any evidentiary merit to an attorney affirmation in the record in that case. See Wilmington Savings Fund Soc. v. Rohan, No. CAAP-17-0000433, 2018 WL _____ (Haw. App. April 23, 2018) (Ginoza J., concurring).

Bank was entitled to enforce the subject note at the time this foreclosure action was commenced. Therefore, the Circuit Court erred in granting U.S. Bank's Motion for Summary Judgment. See Reyes-Toledo, 139 Hawai'i at 370-71, 390 P.3d at 1257-58. Accordingly, we need not reach the other issues and arguments raised by Edwards in this appeal.

For the foregoing reasons, we vacate the Circuit Court's December 8, 2016 Judgment and Foreclosure Decree and remand this case for further proceedings.

DATED: Honolulu, Hawai'i, April 24, 2018.

On the briefs:

Kelly Anne Edwards,
Defendant-Appellant, *Pro Se.*

David B. Rosen,
David E. McAllister,
Justin S. Moyer,
Christina C. Macleod,
(Aldridge Pite, LLP),
for Plaintiff-Appellee.

Acting Chief Judge

Associate Judge

Associate Judge